BLD-073                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4007
_____

NORMAN SHELTON,
                                        Appellant

v.

DR. BAKER; P.A. FRANCIS FASCIANA;
ADMIN. BROWN; A.W. YOUNG
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-01469)
District Judge:  Honorable William J. Nealon, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2014

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: January 6, 2015 )

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant, Norman Shelton, filed this pro se <u>Bivens</u>[1] action pursuant to 28 U.S.C. § 1331, naming as defendants G. Keith Baker, DDS, Chief Dental Officer; Steve Brown, Health Services Administrator; Francis Fasciana, Physician Assistant; and David Young, Associate Warden. According to Shelton, the defendants were personnel of the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg") at the time of Shelton's incarceration at that facility. Shelton alleged that Baker and Fasciana violated his Eighth Amendment rights by denying him medical care and pain medication for a dental problem, and that Brown and Young were made aware of this situation but failed to take any action over their subordinates, also in violation of Shelton's rights under the Eighth Amendment.

The defendants filed a motion to dismiss and/or for summary judgment, submitting as an exhibit to their motion extensive documentation concerning Shelton's dental treatment for the time period in question. The District Court granted the motion as to each of the defendants. First, the District Court determined that Baker and Fasciana were entitled to summary judgment because the record clearly showed that Shelton was provided with dental care and treatment for his teeth and gums on several occasions and that the only time he did not receive treatment was when he refused it. Second, the District Court dismissed defendants Brown and Young, concluding that, as non-medical personnel, they could not be found deliberately indifferent to Shelton's medical needs when he was under the continual care of the prison medical and dental staff. The District

---

[1] <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

Court also concluded that Brown and Young were entitled to summary judgment as a matter of law because they lacked any personal involvement in the alleged wrongs.

Shelton appeals. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's dismissal and summary judgment order is plenary. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (motion to dismiss). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Because Shelton is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss the appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We will dismiss the appeal as frivolous. As the District Court observed, the record clearly demonstrates that Shelton received dental treatment throughout the time period in question, and there is no indication that any person from the UPS-Lewisburg

3

medical or dental staff declined to give him treatment at any time. Shelton, who failed to controvert the statement of material facts and supporting affidavits filed by the defendants in support of their motion to dismiss and/or for summary judgment, has provided no basis for concluding otherwise.

With regard to the non-medical defendants, "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id. The record here reflects that the District Court properly applied Spruill.

For the foregoing reasons, we will dismiss the appeal pursuant to § 1915(e)(2)(B)(i).